## POST and others *v.* T. C. RICHARDS HARDWARE Co.[1]

*(Circuit Court, D. Connecticut.* December 8, 1885.)

1. PATENTS FOR INVENTIONS—DESIGN—DESCRIPTION OF, IN BILL FOR INJUNCTION —DEMURRER.

The bill alleged invention of "a new and original design for a curtain and loop," and that a patent, giving date and number, was granted thereon, but gave no other description of the invention, and made no reference to the patent for a further description. *Held,* on demurrer, that the bill did not sufficiently describe the invention.

2. SAME—REQUISITE OF INJUNCTION BILL TO RESTRAIN INFRINGEMENT.

It is necessary that a bill in equity for an injunction against the infringement of letters patent for an invention should contain such a description of the invention, as patented, as will apprise the court of its nature and character, and the particulars in which the improvement consists.

3. SAME—HOW SUPPLIED.

This may be done by a full and accurate description in the pleader's own language, care being taken not to depart from the legal effect of the language of the patent, or by employing the language of the specification, or by a reference to and profert of the patent. The last-named course is the usual and most convenient one.

In Equity.

*Wm. Edgar Simonds,* for plaintiff.

*Frank L. Hungerford,* for defendant.

SHIPMAN, J. This is a demurrer to a bill in equity for an injunction against the alleged infringement of a design patent. The bill alleges that the inventor invented "a new and original design for a curtain and loop," and that letters patent therefor, of a specified number and date, were granted and delivered to the inventor. The usual averments are made in regard to the execution of the letters patent. No other description of the invention is given, and no reference is made to the patent for a further description. The ground of the demurrer is that the bill "does not set out the nature, character, or description of the pretended patented design referred to in said bill, nor the letters patent alleged to have been obtained therefor, nor make any profert of the same."

It is necessary that a bill in equity for an injunction against the infringement of letters patent for an invention should contain such a

---

[1] Reported by Charles C. Linthicum, Esq., of the Chicago bar.

description of the invention, as patented, as will apprise the court of its nature and character, and the particulars in which the improvement consists. This may be done by a full and accurate description in the pleader's own language, care being taken not to depart from the legal effect of the language of the patent, or by employing the language of the specification, or by a reference to and profert of the patent. The last-named course is the usual and most convenient one. The bare averment that the design was "a design for a curtain and loop" is not sufficient.

The demurrer is allowed, with leave to amend.